**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERICO VAZQUEZ HERNANDEZ,<br>Petitioner,<br>v.<br>WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-08816-JLT-FJS<br>A-Number: 240-174-846<br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS IN PART; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br>(Docs. 1, 4) |

## I. INTRODUCTION

Before the Court is Federico Vazquez Hernandez's request for a temporary restraining order (Doc. 4), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) For the foregoing reasons, the Court **GRANTS IN PART** the petition for writ of habeas corpus.

## II. FACTUAL BACKGROUND

Petitioner is from Mexico. He entered the United States in 2021 without inspection or parole by immigration officials. (Doc. 9 at 5.) On March 7, 2026, Petitioner was arrested for DUI. (*Id*. at 15.) The current status of this arrest is unclear from the record. (*Id*.) On October 5, 2026, Petitioner was arrested by ICE and taken into immigration custody. (*Id*. at 5.) On October 19, 2026, Petitioner was served with a Notice to Appear, charging him as removal pursuant to §

212(a)(6)(A)(i) of the Immigration and Nationality Act. (*Id*. at 8-9.) That same day, Petitioner was provided with a Form I-286 Notice of Custody Redetermination hearing, which he refused to sign. (*Id*. at 12.) Petitioner is detained at the Central Valley Annex Detention Facility in McFarland, California. (Doc. 1 at 1.)

On October 26, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his arrest by immigration authorities without a constitutionally adequate pre-deprivation process violates his rights under the Due Process Clause of the Fifth Amendment. (Doc. 1 at 17.) On November 3, 2026, Respondents filed a response, in which they assert that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and do not oppose the Court construing the petition as a request for a custody redetermination hearing. (Doc. 9 at 1.)

## III. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A.R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. DISCUSSION

Petitioner falls into a class of non-citizens who were apprehended in the interior of the United States without ever being admitted by immigration officials. As such, pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), the Court finds that § 1226(a) governs Petitioner's detention. Respondents agree that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and do not oppose the Court construing the petition as a request for a custody redetermination hearing. (Doc. 9 at 1.) Therefore, the Court finds that Petitioner is entitled to a bond hearing under § 1226(a) at which he "will be released on bond if he demonstrates by a preponderance of the evidence that he is not a fight risk or a danger to the community." *Rodriguez Vazquez,* 183 F.4th 1160 at 1167. Given there is no record of prior consideration of

danger to the community or a flight risk, the Court finds it appropriate to order an initial bond hearing. Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART** for the reasons stated in the orders cited above;
2. The request for a temporary restraining order (Doc. 4) is **DENIED as moot.**
3. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and/or presents a flight risk if not detained. If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.
3. **<u>At least 72 hours before</u>** the scheduled hearing, Respondents **SHALL** provide Petitioner with written notice of the bond hearing. Such written notice **SHALL** be personally delivered to Petitioner absent exigent circumstances. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.
4. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded. **<u>At the bond hearing, the immigration judge SHALL make a factual finding on the record as to whether Petitioner received proper notice pursuant to this Court's order.</u>**
5. The Clerk of Court is directed to serve the Central Valley Annex Detention Facility in McFarland, California, with a copy of this Order.

///

///

6. The Clerk of Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: _November 13, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE